IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                    PLAINTIFF/RESPONDENT

v.                          CV NO. 2:12-CV-02072
                            CR NO. 2:09-CR-20034

DONNELL LE-RON ALSTON                                            DEFENDANT/PETITIONER

## O R D E R TO APPOINT COUNSEL AND for EVIDENTIARY HEARING

Before the court is the Defendant Motion to Vacate (ECF No. 66) filed on April 3, 2012 The Government filed its Response (ECF No. 68) on April 27, 2012 and the Defendant filed his Reply (ECF No. 69) on June 1, 2012.

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

The Defendant contends inter alia that his private attorney gave him bad advice on the amount of time he could receive if he went to trial. (ECF No. 66-2, p. 4). The Government, on the eve of trial, filed a Motion to Seek Enhancement Pursuant to Title 21 U.S.C. §851(a) because of three prior drug convictions. The Defendant acknowledged that his attorney informed him of

the government's intention to seek enhancement but stated that his attorney "explained the Section 851 as being a sentence of 30 years to life if Petitioner was convicted, but he also stated that he did not believe the Court would impose a life sentence." (Id.).

It appears the AUSA sent Mr. Khoury a fax on September 16, 2009 informing him of his intention to see enhancement and sending him a copy of the relevant portions of the statute. (ECF No. 69-1). In the Defendant's affidavit he states that during one of Khoury's last visits he explained that the government was offering twenty two years and ten months and that Khoury again explained that the "Section 851 Information would raise my sentence as a career criminal to 30 years to life." (ECF No. 69-2, ¶6).

The court has not been provided with any affidavit from Mr. Khoury. Mr. Khoury did acknowledge the day before trial that had discussed the Enhancement Motion by the government with his client (ECF No. 60, p. 62) but he does not elaborate or state that he specifically instructed his client that he faced a mandatory life sentence if he were convicted.

Prejudice is possible, notwithstanding a subsequent fair trial, where counsel failed to provide accurate advice regarding a plea agreement offer. *See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995) (citation omitted). *See also United States v. Rodriguez*, 929 F.2d 747, 753 n. 1 (1st Cir.1991); *United States v. Day*, 969 F.2d 39, 44 (3rd Cir.1992).

To establish such prejudice, the petitioner must begin by proving that a plea agreement was formally offered by the government. *See Kingsberry v. U.S.* 202 F.3d 1030, 1032 (C.A.8 (Mo.),2000). However, the claimant must also show that "but for counsel's advice, he would have accepted the plea." *Engelen v. United States*, Id. In order to command an evidentiary hearing—and thus this court concludes to establish the claim—"the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised ."

*Engelen v. United States*, Id.

It appears to the court that an Evidentiary Hearing is required to develop the record concerning the claims of the Defendant concerning his understanding of the consequences of a conviction. In light of the court's prior determination that the Defendant qualified for the services of the Public Defender (ECF No. 3), the court hereby appoints the Public Defender's Office to represent the Defendant and the Clerk's Office is hereby directed to forward a copy of this order to the Public Defender's Office. The matter will be set for a hearing by separate order after allowing adequate time to investigate and prepare.

The court believes that the current record is sufficient for the court to make a recommendation on all of the other claims the Defendant has raised in his 2255 motion. Should the Defendant's attorney, however, feel that additional evidence is necessary on any of the Defendant's other claims he should file the appropriate motion with the court to expand the scope of the Evidentiary Hearing.

IT IS SO ORDERED this August 23, 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
Chief United States Magistrate Judge